UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

VICTOR FERREIRA-ROSARIO,

                Petitioner,

        - against -

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------X

**MEMORANDUM & ORDER**

19 Civ. 3175 (NRB)
S2 18 Cr. 173-7 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Petitioner Victor Ferreira-Rosario, proceeding pro se, has filed a petition under 28 U.S.C. § 2255 to vacate his sentence of 78 months' imprisonment and his conviction, pursuant to a plea agreement, for conspiring to distribute and possess with intent to distribute heroin. (ECF No. 82.)[1] As the basis for this relief, Mr. Ferreira-Rosario argues that he received ineffective assistance of counsel in violation of his Sixth Amendment rights for three reasons: (1) he claims that he never received a translation of the plea agreement in his native language of Spanish; (2) he claims that his counsel promised him a three-year sentence; and (3) he claims that his counsel failed to file a notice of appeal challenging his sentence.[2]

---

[1]    All ECF citations are to the docket for Mr. Ferreira-Rosario's criminal case, S2 18 Cr. 173-7. Unless otherwise noted, the Court has removed from case citations all internal quotation marks, citations to other cases, and emphases in the quoted text.

[2]    Mr. Ferreira-Rosario also advances a potpourri of abstract legal arguments that he fails to connect to the relief sought, such as arguments about

For the reasons below, Mr. Ferreira-Rosario's petition is denied.

## BACKGROUND

In February 2018, the Government filed an indictment charging Mr. Ferreira-Rosario and seven co-defendants with participating in a narcotics conspiracy involving one kilogram and more of heroin, five kilograms and more of cocaine, and 400 grams and more of fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (ECF No. 5.)

To resolve those charges, Mr. Ferreira-Rosario entered into a plea agreement with the Government in August 2018. (See Tr. of Aug. 29, 2018 Plea Hr'g (ECF No. 62) ("Plea Tr.").) Under the terms of the plea agreement, Mr. Ferreira-Rosario agreed to plead guilty to conspiring to traffic over 90 kilograms or more of heroin and the parties stipulated that the applicable Sentencing Guidelines range would be 135 to 168 months' imprisonment. (See Plea Agreement (ECF No. 170-1 at 1-3) ("Plea Agreement").) The Government further agreed to take the position at sentencing that the statutory minimum sentence of 120-month for this crime would

---

the Equal Protection Clause, racial prejudice against Mexicans, Miranda warnings, and warrantless searches and seizures. Mr. Ferreira-Rosario also mentions defense counsel's general duties to investigate claims and communicate plea offers to their clients and his counsel's supposed failure to provide him a copy of discovery in this case. These statements of law and conclusory allegations are unsupported by the record are, in most instances, directly contradicted by the record and petitioner's own sworn statements in open court. In any event, Mr. Ferreira-Rosario does not carry his burden in demonstrating that there is a basis to grant the relief he seeks on these grounds.

not apply because Mr. Ferreira-Rosario was eligible for the so-called "safety valve" from mandatory minimum sentencing under 18 U.S.C. § 3553(f).

Following Mr. Ferreira-Rosario's plea of guilty to participating in a conspiracy to distribute heroin, the Court sentenced him to 78 months' imprisonment in December 2018. (ECF No. 71.) This sentence was 57 months below the bottom of the parties' stipulated Guidelines range and 42 months below the 10-year statutory minimum sentence, relief from which was made possible due to Mr. Ferreira-Rosario's safety valve eligibility under 18 U.S.C. § 3553(f) based on the Government's recommendation.

Four months later, Mr. Ferreira-Rosario, proceeding pro se, simultaneously filed a direct appeal of his sentence and petitioned this Court under 28 U.S.C. § 2255 to vacate his conviction and sentence for ineffective assistance of counsel. (ECF Nos. 81, 82.) The Court dismissed Mr. Ferreira-Rosario's petition without prejudice for want of jurisdiction due to his pending appeal. (ECF No. 108.)

On appeal, Mr. Ferreira-Rosario's assigned appellate counsel filed a motion under Anders v. California, 386 U.S. 738 (1967), stating that after a "thorough review of the record," counsel determined that there were "no meritorious or non-frivolous issues to be raised on appeal," most notably because the "appeal is barred

by the terms of [the] plea agreement since the record shows that [Mr. Ferreira-Rosario] knowingly, voluntarily, and competently waived his right to appeal any sentence within or below the Stipulated Guidelines Range of 135 to 168 months imprisonment and the district court sentenced him to 78 months." Anders Br., Ferreira-Rosario v. U.S., No. 19-929 (2d Cir. Oct. 25, 2019), ECF No. 28-1 at 2, 21. In August 2020, the Second Circuit ultimately dismissed Mr. Ferreira-Rosario's appeal as untimely, declared the Anders motion moot, and restored this Court's jurisdiction to consider his petition. (ECF No. 166.)

## LEGAL STANDARDS

A claim of ineffective assistance of counsel may be pursued on a Section 2255 petition. See Massaro v. U.S., 538 U.S. 500, 504-506 (2003). To establish a claim of ineffective assistance of counsel, a petitioner has the burden of showing: (1) that his "counsel's representation fell below an objective standard of reasonableness"; and (2) that "any deficiencies in counsel's performance must be prejudicial to the defense." Strickland v. Washington, 466 U.S. 668, 687-88, 691-92 (1984). Moreover, when assessing the reasonableness of counsel's performance, "[j]udicial scrutiny . . . must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

## DISCUSSION

### I.  Collateral Challenge to Mr. Ferreira-Rosario's Conviction Pursuant to a Plea Agreement

We begin with Mr. Ferreira-Rosario's challenge to his conviction by guilty plea on the grounds that counsel never provided him with a translation of the plea agreement in his native Spanish.  This claim, which is unsupported by any corroborating evidence offered by Mr. Ferreira-Rosario, is directly contradicted by his sworn statements in court during his change-of-plea hearing:

> **THE COURT:** And, Mr. Ferreira, did you sign a plea agreement earlier today?
>
> **THE DEFENDANT:** Yes.
>
> **THE COURT:** And, before you signed it, did you discuss it with your lawyer?
>
> **THE DEFENDANT:** Yes. Yes.
>
> **THE COURT:** And before you signed it, was it translated in Spanish to you?
>
> **THE DEFENDANT:** Yes.

(Plea Tr. at 9.)

In the absence of any evidence undermining these representations, the Court is entitled to rely on Mr. Ferreira-Rosario's sworn affirmations during his plea colloquy as conclusive.  See, e.g., Adames v. United States, 171 F.3d 728, 732 (2d Cir. 1999) (A "criminal defendant's self-inculpatory statements made under oath at his plea allocution carry a strong presumption of verity and are generally treated as conclusive in

the face of the defendant's later attempt to contradict them.");
United States v. Juncal, 245 F.3d 166, 171 (2d Cir. 2001) (A
defendant's testimony during a plea allocution "carries such a
strong presumption of accuracy that a district court does not,
absent a substantial reason to find otherwise, abuse its discretion
in discrediting later self-serving and contradictory testimony as
to whether a plea was knowingly and intelligently made."); Mejia
v. United States, 740 F. Supp. 2d 426, 429 (S.D.N.Y. 2010) ("A
defendant's bare allegations in a § 2255 petition cannot overcome
his contrary statements under oath during a plea allocution, which
must be given presumptive force of truth.").   Mr. Ferreira-
Rosario's argument is thus meritless.

## II.   Collateral Challenge to Mr. Ferreira-Rosario's Below-Guidelines Sentence

Mr. Ferreira-Rosario's remaining arguments do not seek to
overturn his conviction but rather vacate his below-Guidelines
sentence of 78 months.

### A.   Counsel's Sentencing Prediction

We start with Mr. Ferreira-Rosario's contention that he
received ineffective assistance of counsel because his lawyer
promised him that he would receive a 36-month sentence and he
ultimately received a 78-month sentence.   As above, Mr. Ferreira-
Rosario does not provide any further evidence establishing that
his counsel ever made such a promise.   And, as before, the self-

serving assertions in his habeas petition are belied by the sworn statements Mr. Ferreira-Rosario made in open court at his change-of-plea hearing:

> **THE COURT:** Separate and apart from the plea agreement, have any threats or promises been made to you to make you plead guilty?
>
> **THE DEFENDANT:** No. No.
>
> **THE COURT:** Separate and apart from the plea agreement, have any understandings or promises been made to you concerning the sentence you will receive?
>
> **THE DEFENDANT:** No.
>
> . . .
>
> **THE COURT:** And, do you understand that under the statute, as I told you earlier, that there is a statutory minimum term of imprisonment of 10 years, and only if you satisfy the conditions that are set forth in the statute which are often referred to as safety-valve, that you can receive a sentence of less than 10 years?
>
> **THE DEFENDANT:** Yes, I understand.
>
> . . .
>
> **THE COURT:** Do you understand that the plea agreement contains a stipulated guidelines range of from 135 to 168 months in prison?
>
> **THE DEFENDANT:** Yes.
>
> . . .
>
> **THE COURT:** Do you understand that you have agreed not to file a direct appeal or otherwise bring a collateral challenge if you receive a sentence within or below the stipulated guidelines range?

> **THE DEFENDANT:** Yes, I understand.
>
> . . .
>
> **THE COURT:** Do you understand that . . . the
> sentence to be imposed upon you is determined
> solely by the Court?
>
> **THE DEFENDANT:** Yes, I understand.

(Plea Tr. at 9-12.)

Given that Mr. Ferreira-Rosario has not come forward with any evidence to corroborate his claim that his counsel promised him that he would receive a three-year sentence, the Court is entitled to rely on Mr. Ferreira-Rosario's earlier sworn statements during his plea colloquy as conclusive.  See, e.g., Adames, 171 F.3d at 732; Juncal, 245 F.3d at 171; Mejia, 740 F. Supp. 2d at 429.[3]

---

[3]     To the extent that Mr. Ferreira-Rosario's petition is based on a mere prognostication by counsel about what sentence this Court might impose, it is well-established that defense counsel's predictions of what a potential sentence might be cannot form the basis of an ineffective assistance of counsel claim.  See United States v. Sweeney, 878 F.2d 68, 70 (2d Cir. 1989) (per curiam).  Moreover, "even were we to credit petitioner's allegation as to what [his counsel] promised him" regarding his sentence, there can be no prejudice under Strickland's second prong because "[w]hatever misconceptions [petitioner] may have entertained prior to his plea hearing, [the Court] impressed on petitioner at his plea hearing . . . that [the Court] alone determined his sentence . . . ."  Sarder v. United States, No. 11 Civ. 7873 (NRB), 2012 WL 1314159, at *9 (S.D.N.Y. Apr. 17, 2012).

Moreover, to find that a counsel's prediction of what his client may reasonably expect to receive as a sentence could satisfy the prejudice prong of a habeas petition would effectively replace the judgment of district courts and appellate panels as the arbiters of sentencing reasonableness with the rosy prognostications of defense counsel, a patently absurd result.  Such a finding is even more bewildering in situations where, as here, the petitioner received a sentence far below the stipulated Sentencing Guidelines range.

**B.   Not Filing a Timely Appeal**

We now turn to Mr. Ferreira-Rosario's final challenge to his 78-month sentence: that his lawyer failed to file a notice of appeal challenging the reasonableness of his substantially below-Guidelines sentence.

To demonstrate that an attorney's failure to file a notice of appeal was unreasonable on a constitutional dimension, a habeas petitioner may: (1) establish that counsel disregarded a defendant's express instructions to file an appeal; or (2) show that counsel unreasonably failed to consult with the defendant about the advantages and disadvantages of taking an appeal and determine whether the defendant wished to file an appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 476-81 (2000); accord Garza v. Idaho, 139 S. Ct. 738, 746-47 (2019); see also Campusano v. United States, 442 F.3d 770, 773 & n.3 (2d Cir. 2006) (summarizing framework); Robinson v. United States, No. 18 Cr. 373 (RJS), 2021 WL 568171, at *9 (S.D.N.Y. Feb. 16, 2021) (same).   Under these circumstances, prejudice under Strickland's second prong is presumed because counsel's deficient performance can result in a forfeiture of petitioner's right to appeal.   Campusano, 442 F.3d at 773 & n.3.

Here, Mr. Ferreira-Rosario asserts that, following sentencing, (1) he called his counsel's secretary and asked her: "[H]ey now what . . . ? [H]ow [are] we going to appeal the

sentence[?]," and (2) he spoke with his counsel about the possibility of appeal and counsel told him "to make an appeal[,] that cost[s] a lot of money." (ECF No. 82 at 3.) Based on this, Mr. Ferreira-Rosario asserts that he "learned that this counse[l] did not perform[] on [his] behalf" and "denied [him] that appeal." (Id.)

To assist with its consideration of Mr. Ferreira-Rosario's petition, the Court ordered that his counsel submit sworn testimony in the form of an affidavit responding to these assertions. (ECF Nos. 175, 176.) In that affidavit, counsel affirmed that he discussed the plea agreement with Mr. Ferreira-Rosario on "several occasions" and, in the course of those discussions, counsel advised Mr. Ferreira-Rosario of the effect of the appeal waiver as well as the Court's role as the sole arbiter of the appropriate sentence. (ECF No. 176 ¶¶ 6-7.) Counsel further averred that Mr. Ferreira-Rosario did not have any discussions with him about filing an appeal after sentencing. (Id. ¶ 8.)

Based on this record, Mr. Ferreira-Rosario does not establish that his counsel's performance was constitutionally defective.

To start, Mr. Ferreira-Rosario does not expressly claim that he ever explicitly ordered counsel to file a notice of appeal on his behalf. This, of course, is further confirmed by counsel's sworn testimony that Mr. Ferreira-Rosario never discussed an appeal with him after sentencing. Accordingly, the burden is on

-10-

Mr. Ferreira-Rosario to prove that counsel unreasonably failed to consult with him regarding an appeal.

While Mr. Ferreira-Rosario's petition implies that he discussed the possibility of an appeal with his counsel after sentencing (to which counsel supposedly told him that it would be expensive), counsel's affidavit states that the two never had any such discussions. Given that there is reason to doubt the overall veracity of Mr. Ferreira-Rosario's assertions in his petition because, as discussed above, they are in various places contradicted by his sworn statements in open court, we will credit counsel's testimony where they conflict. See, e.g., Riggi v. United States, No. 04 Civ. 7852 (JSR), 2007 WL 2245595, at *1 (S.D.N.Y. Aug. 6, 2007) (denying a Section 2255 petition and discrediting petitioner's "vague and self-serving" assertions without further proceedings because they were "contradicted by the detailed, specific affidavit of petitioner's counsel"). Accordingly, we proceed under the assumption that Mr. Ferreira-Rosario and counsel never discussed the possibility of an appeal after sentencing.

As the Supreme Court explained in Flores-Ortega, an attorney's failure to consult with his client about an appeal may be constitutionally deficient when "there is reason to think" that "a rational defendant would want to appeal" or that "this particular defendant reasonably demonstrated to counsel that he

-11-

was interested in appealing." 528 U.S. at 480. Factors critical to this inquiry include whether the conviction follows a guilty plea, whether the defendant received the sentence he bargained for, whether the defendant reserved his appellate rights, and whether there are non-frivolous grounds for appeal. See id.

Here, it would defy reason to conclude that any rational defendant in Mr. Ferreira-Rosario's position would want to appeal the sentence he received. First, the 78-month sentence Mr. Ferreira-Rosario received is less than half of the upper range of the 135- to 169-month Guidelines sentencing range he bargained for in the plea agreement. Moreover, Mr. Ferreira-Rosario has not identified any reason——frivolous or otherwise——why that substantially below Guidelines sentence could possibly be challenged as unreasonable on appeal. Nor is there any reason to believe that Mr. Ferreira-Rosario would prevail in overturning his sentence on appeal, especially given that he waived his right to appeal the reasonableness of the below-Guidelines sentence he received in the plea agreement. Indeed, on appeal, his court-appointed lawyer filed an Anders brief confirming that he had thoroughly reviewed the case and found the appeal to be meritless. And, putting all of the above aside, even if Mr. Ferreira-Rosario were able to successfully appeal and overturn that sentence, he would be back in the position of potentially facing a statutory

minimum sentence of 120 months' imprisonment, which is 42 months more severe than the sentence he received, or even more.

Given these factors, there is no reason to believe that a rational defendant in Mr. Ferreira-Rosario's shoes would want to appeal such a significantly below-Guidelines sentence.  And, in light the Court's determination that Mr. Ferreira-Rosario had no discussions about an appeal with his counsel following sentencing, there is no basis to conclude that counsel would have any reason to think that Mr. Ferreira-Rosario reasonably demonstrated that he wanted to appeal his below-Guidelines sentence.

Under these circumstances, we cannot conclude that counsel's performance was constitutionally deficient.  See Flores-Ortega, 528 U.S. at 479-81; see also, e.g., Padin v. U.S., 521 F. App'x 36, *38 (2d Cir. 2013) (summary order) ("Padin entered a guilty plea, he received a sentence at the low end of the Guidelines range he agreed to, and he waived his right to appeal a sentence within or below that range.  Accordingly, we conclude that the district court did not err in holding that defense counsel did not render constitutionally defective assistance by failing to file a notice of appeal.").

## CONCLUSION

For the reasons discussed above, Mr. Ferreira-Rosario's petition is denied.  Furthermore, as Mr. Ferreira-Rosario has failed to make a substantial showing of the denial of a

constitutional right, the Court will not issue a certificate of appealability.  28 U.S.C. § 2253.  It is hereby certified that any appeal from this Memorandum and Order would not be taken in "good faith" within the meaning of 28 U.S.C. § 1915(a)(3).  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 82 in Case No. 18 Cr. 173-7 and No. 1 in Case No. 19 Civ. 3175, to enter judgment in Case No. 19 Civ. 3175, and to close Case No. 19. Civ. 3175.

**SO ORDERED.**

Dated:    New York, New York
          June 14, 2021

                                    _____
                                    NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE

A copy of the foregoing Order has been sent via FedEx on this date
to the following:

Victor Ferreira-Rosario
Moshannon Valley Correctional Center
BOP No. 85505-054
555 GEO Drive
Philipsburg, PA 16866